WEST PUBLISHING COMPANY *vs.* J. B. BOTTINEAU.

November 7, 1885.

**Municipal Court of Minneapolis—Summons—Replevin.**—An act establishing the municipal court of the city of Minneapolis construed as authorizing the court by rule to change a prescribed form of process in actions of replevin, so that jurisdiction of the person of the defendant might be acquired by the service of a summons as in the district court; the writ of replevin adopted by the court directing only in respect to the taking and disposition of the property.

Plaintiff brought this action in the municipal court of Minneapolis, to recover the possession of personal property. The action was commenced by service of a summons in the form in use in the district court, with a copy of the complaint attached. At the same time the plaintiff duly filed the proper affidavit and bond in replevin, and a writ of replevin was issued in the following form, which had been prescribed by the court, viz.:

"*State of Minnesota* } ss.:          MUNICIPAL COURT, CITY OF
*County of Hennepin* }                      MINNEAPOLIS.

"The State of Minnesota to any police officer of the city of Minneapolis, or to the sheriff or any constable of said county:

"Whereas, West Publishing Company, a corporation, complains that J. B. Bottineau has become possessed of, and unjustly detains from it, the said West Publishing Company, the following described goods and chattels, that is to say, (describing the property:) Therefore you are hereby commanded that you cause the same goods and chattels to be replevied without delay, or in case the defendant or some one in his behalf does not file a bond in this court, approved by said court, within three days from said taking, then to deliver to said West Publishing Company.

"Witness the Honorable Francis B. Bailey, municipal judge, this 5th day of December, A. D. 1884.          L. A. DUNN,
[Seal.]                                    "Clerk of the Municipal Court."

Under this writ the sheriff of the county took possession of the property, and, upon the filing by defendant of a bond duly approved, returned the property to him. Defendant having failed to answer or demur, judgment was entered by default, adjudging that plaintiff recover possession of the property, and, in case possession could not be had, that plaintiff recover the value of such property.

From this judgment defendant appeals.

*J. B. Bottineau, (pro se,)* and *G. T. Chappell,* for appellant.

*Barker & Reno,* for respondent.

DICKINSON, J. The only question before us is as to whether the writ of replevin issued out of the municipal court of the city of Minneapolis, and the summons served upon the defendant, were authorized, so as to confer jurisdiction upon the court. The defects alleged are that the writ did not state the value of the property, nor command the defendant to be summoned. The summons, made and served in accordance with the practice in the district court, as prescribed by Gen. St. 1878, c. 66, tit. 5, is claimed to have been unauthorized. Section 10 of the municipal court act (Sp. Laws 1874, c. 141, amended by Sp. Laws 1883, c. 48,) provides that when the object of the action is to recover the possession of personal property, the complaint shall be filed with an affidavit and bond, and that "the clerk shall thereupon issue the writ, which may be in form" as set forth in the act. This form includes a statement of the value of the property, and a command to the officer to take the property, and to summon the defendant to appear and answer. But the statute adds: "Or the writ may be in any other form that the court may, by rule, prescribe." The writ in this case was in accordance with a form which had been prescribed by rule of the court. Section 8 of the statute referred to, as amended, declares that "the provisions of title 5, of chapter 66, of General Statutes of 1878, so far as the same may be applicable, subject to such modifications as the court may by rule establish, shall apply to said municipal court." This, if unaffected by other provisions of the act, would authorize the summons to be made and served as in actions in the district court. Nothing stands in the way of the application of this general provision of the law to actions of replevin, excepting the statutory form given; and we think that the power con-

ferred upon the court to prescribe "any other form" in place of that set forth, authorized it to dispense with both the statement of value and the command to summon the defendant, thus leaving the general statute above referred to to control in respect to the summons. The section containing the statutory form is devoted to proceedings for the taking and disposition of the property, and it is apparent that "the writ" there referred to is *the writ of replevin.* The bare fact that the form prescribed for that writ embraces also a command to summon the defendant is not, in view of the authority conferred upon the court, to be considered as a requirement, beyond the power of a court to change, that the writ of replevin shall also be made process against the defendant. This is not essentially a part of a writ of replevin. Jurisdiction of the defendant may be procured by other means. We are of the opinion that the prescribed form of the writ might be changed, by rule of the court, in any particular, only that it should remain what the act contemplates,—a writ of replevin.

Judgment affirmed.